**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Charles Tyson, a/k/a Charles )<br>Kevin Bruce Tyson, #114460, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>Willie L. Eagleton, Warden of Evans )<br>Correctional Institution; and Jon E. )<br>Ozmint, Director of S.C. Department )<br>of Corrections; Sharon Patterson; and )<br>Ethel Redfern )<br>      Defendants. )<br>_____) | C.A. No. 6:06-1686-PMD-WMC<br><br>**ORDER** |

      Proceeding *pro se*, Charles Tyson, a.k.a., Charles Kevin Bruce Tyson ("Plaintiff"), filed a complaint on June 5, 2006, seeking relief pursuant to 42 U.S.C. § 1983 from Defendants Willie L. Eagleton and Jon Ozmint for alleged violations of his constitutional rights. On March 5, 2007, Plaintiff was allowed to amend his complaint to add Sharon Patterson and Ethel Redfern as defendants. On April 6, 2007, Defendants filed a motion for summary judgment in this matter, to which Plaintiff responded. In accordance with 28 U.S.C. § 636 (b)(1)(B), this matter was referred to United States Magistrate Judge William M. Catoe, who created a report and recommendation ("the R&R"). Magistrate Judge Catoe recommends that Defendants' motion for summary judgment be granted.

      A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Plaintiff filed timely objections to the R&R. After a review of the record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

1

**BACKGROUND**

Plaintiff is currently an inmate at Evans Correctional Institution in Bennettsville, South Carolina. In his complaint, Plaintiff alleges that Defendants imposed discipline against him violation of his due process rights. Specifically, Plaintiff claims Defendants failed to give him notice and a meaningful hearing prior to placing him in lock-up. The facts relating to this claim, as supported by the evidence and considered in the light most favorable to Plaintiff, are as follows.

According to an incident report, correctional officers found a cell phone, battery, and charger hidden in the toilet of Plaintiff's cell during a routine shakedown on July 5, 2005. (Pl. Resp. M. to Dismiss, Ex. 4.) Officers immediately placed Plaintiff in administrative lock-up to await the disciplinary hearing on this infraction. On a Pre-Hearing Detention form (also known as a "Lock-Up Form") dated July 5, 2005, prison officials indicated that they gave Plaintiff a notice containing the reason for his placement in administrative lock-up, but that Plaintiff refused to sign the form.[1] (Complaint, Ex. 2.) Plaintiff alleges that prison employees under Defendant Eagleton fabricated the PHD form because Eagleton had a personal vendetta against him. (Complaint at 4.) Plaintiff notes that the "Lock-Up Checklist," which was completed by a correctional officer at the time Plaintiff was placed in lock-up, indicates that Plaintiff signed the "Lock-Up Form" and did not refuse to sign. (Complaint, Ex. 1.)

On July 12, 2005, Plaintiff signed a document indicating that he had received notice that a disciplinary hearing would be held on the charge of possession of a cell phone. (Pl. Resp. M. to

---

[1] Per SCDC policy, OP-22.12 § 1.3, when an inmate refuses to sign a notice, two SCDC employees must witness the form to show that it was presented to the inmate. In this case, two officers signed the form indicating that they witnessed Plaintiff's refusal to sign the form.

2

Dismiss, Ex. 5.) On July 20, 2005, following a brief hearing[2] before DHO Sharon Patterson, Plaintiff was found guilty of the charge and was sentenced to, among other things, 180 days of disciplinary segregation. (Id.) On the date of the hearing, Plaintiff signed a form indicating that he received a copy of the Disciplinary Report and Hearing Record. (Id.)

Shortly thereafter, Plaintiff filed an inmate grievance alleging that he was placed in lock-up with no notice in violation of SCDC Policy and his Due Process rights. Prison officials denied Plaintiff's grievance initially and on appeal, explaining that "you were served notice of PHD on July 5, 2005, however you refused to sign for receipt." (Pl. Resp. M. to Dismiss, Ex. 7.) The denial noted that Plaintiff's refusal to sign the form "was witnessed by 2 employees in accordance with policy." (Id.)

In his amended § 1983 complaint, Plaintiff alleges that he was placed in administrative lock-up without notice and that his disciplinary hearing failed to comport with the procedures required by SCDC Policy. In particular, he asserts that the proceeding was not fully recorded on audiotape, that he was not given the opportunity to call witnesses, and that he was not allowed to cross-examine adverse witnesses.[3] Plaintiff asserts that the failure to follow the notice requirements and

---

[2] The Disciplinary Report and Hearing Record indicates that the hearing lasted only eight minutes.

[3] SCDC Policy OP.–21.14 provides in § 13.2 that "the inmate may call witnesses unless the Hearing Officer decides that the testimony of such witnesses is repetitive . . . or is likely to jeopardize the life or safety of persons or the security and order of the institution." Under § 13.5 the inmate has the right to question "all witnesses who appear at the hearing. The hearing officer will ask the inmate . . . whether there are any questions for the witnesses." Section 10.1 provides that "[a]ll hearings will be recorded by tape recorder or other means of preserving a verbatim record of the proceedings. The recording will not be turned off at any time during the taking of evidence, regardless of the Hearing Officer's opinion concerning the relevance of the testimony. However, if an inmate becomes assaultive or disruptive, the Hearing officer may stop the tape recorder."

3

disciplinary hearing procedures established by SCDC Policy violated his constitutional right to Due Process.

Defendants move for Summary Judgment, asserting that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. Upon Defendants' Motion, the Magistrate Judge found that "the Due Process Clause does not independently create 'an interest in being confined to a general population cell, rather than the most austere and restrictive administrative segregation quarters,' . . . because 'administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.'" (R&R at 5 (citing *Barrier v. Allen*, 951 F.2d 622, 624 (4th Cir. 1991).) The Magistrate Judge further found that "as evidenced in the exhibits attached to the plaintiff's initial complaint filed June 5, 2006, the plaintiff refused to sign the PHD form, which was witnessed by two correctional officials. . . . [and that] the plaintiff has submitted no evidence that this form was fabricated." (Id. at 6.) Based on these findings, the Magistrate Judge concluded that "the plaintiff has failed to set forth any evidence sufficient to create a genuine issue as to any material fact as to any alleged violation of his constitutional rights." (Id.) Accordingly, the Magistrate Judge recommended that Plaintiff's complaint be dismissed because it does not give rise to a cause of action under § 1983. (R&R at 6.)

## STANDARD OF REVIEW

### A.     Magistrate Judge's R&R

The R&R makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). This court is charged with conducting a *de novo*

review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. *Id*. Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. *Id.*

**B.     Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

**DISCUSSION**

Plaintiff raises two objections to the R&R, both of which are addressed below:

**Objection 1: Plaintiff objects that he presented evidence that he did not receive notice as required by SCDC Policy.**

Plaintiff first objects that the Magistrate Judge made improper "credibility determinations in resolving disputed factual issues" in finding that he did receive notice of the reason for his lock-up. (Objections at 2-3.) Plaintiff alleges in his complaint and in an Affidavit dated October 23, 2006, that he did not receive notice before being placed in administrative detention and that he never received the PHD form or otherwise received notice of the reason he was placed in lock-up. (Objections at 4.) Plaintiff claims that the Magistrate Judge improperly made a determination about his credibility in finding that Plaintiff did receive notice through the "Pre Hearing Detention form" on July 5, 2005. (Objections at 4.) Plaintiff claims that his "affidavit contradicts the claims of the defendants and creates a genuine issue of material fact." (Objections at 4.) As such, Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff received the notice required by SCDC Policy.

The court finds this objection to be without merit. The evidence before the court shows that Plaintiff received the Pre-hearing Detention ("PHD") form on July 5, 2005, which provided notice for his placement in lock-up. While Plaintiff provides a sworn Affidavit stating that he never received this form and claiming that the form was created after the fact, Plaintiff has provided no other evidence to collaborate his self-serving testimony. The Magistrate Judge properly discounted evidence which, in light of the other evidence on record, no reasonable juror could credit. *See Sylvia Dev. Corp. v. Calvert County, Md.,* 48 F.3d 810, 818 (4th Cir. 1995) (explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the

evidence, "[p]ermissible inferences must still be within the range of reasonable probability" and that, "[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)). For this reason, the court finds that Plaintiff's Affidavit does not raise a genuine issue of material fact such that summary judgement is improper.

**Objection 2:    Plaintiff objects that he presented evidence that the disciplinary hearing on July 20, 2006, was conducted in violation of his Due Process rights.**

Plaintiff also objects that the Magistrate Judge did not address his claim that Defendant Sharon Patterson's failure to provide the procedural safeguards required under SCDC Policy at the disciplinary hearing violated his Due Process rights. Plaintiff claims that Patterson violated SCDC Policy by (1) refusing to call Plaintiff's requested witnesses,[4] (2) refusing to allow Plaintiff to cross-examine the adverse witnesses, and (3) failing to be impartial in the hearing. (Objections at 2-4.) Plaintiff claims that Patterson's failure to provide these required procedural safeguards deprived him of a liberty interest protected by the Due Process Clause. Further, Plaintiff asserts that Defendants Redfern, Eagleston, and Ozmint are also liable under § 1983 "by reason of [their] failure to act, or correct the Due Process violation." (Objection at 6.)

Reviewing the matter *de novo* and viewing the evidence in the light most favorable to Plaintiff, the court finds that Plaintiff fails to present evidence of a constitutional violation. Therefore, summary judgment on Plaintiff's § 1983 action must be granted. As the Supreme Court

---

[4] Plaintiff alleges that he requested that witnesses including Lt. Graves be present to testify at the hearing. The Magistrate Judge noted that Patterson did not call these witnesses because, after talking with Officer Graves and determining that he and the other requested witnesses were not present in the cell when the contraband was found, she determined that their testimony was irrelevant. (R&R at 3.)

7

explained in *Sandin v. Conner*, the punishment of incarcerated prisoners implicates the protections the Due Process Clause only when the terms of the punishment: (1) exceed the original sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause or (2) create an atypical or significant hardship in relation to the ordinary incidents of prison life.  515 U.S. 472, 483-484 (1995).  While "states may under certain circumstances create liberty interests which are protected by the Due Process Clause," not all state regulations governing the day-to-day management of prisons create such liberty interests.  *Id.* at 484.  A plaintiff seeking to allege a procedural due process violation based on a state-created liberty interest must not only show it is derived from mandatory language in a regulation, but also that it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.*  Considering *Sandin*'s language and objectives, the Court of Appeals for the District of Columbia held that "due process is required when segregative confinement imposes an 'atypical and significant hardship' on an inmate in relation to the most restrictive conditions that prison officials, exercising their administrative authority to ensure institutional safety and good order, routinely impose on inmates serving similar sentences."  *Hatch v. District of Columbia*, 184 F.3d 846, 847 (D.C. Cir. 1999).  In other words, absent a showing of "atypical and significant hardship," a change in the conditions of confinement simply does not inflict a cognizable injury that merits constitutional protection, regardless of the motivation of the official when making the change.  *Id.*  "The theory of *Sandin* is that, notwithstanding a mandatory entitlement, a deprivation is not of sufficient gravity to support a claim of violation of the Due Process Clause if similar deprivations are typically endured by other prisoners."  *Id.*  After *Sandin*, "prisoners may no longer peruse state statutes and prison regulations searching for the grail of limited discretion."  *Orellana v. Kyle,* 65 F.3d 29, 31

(5th Cir. 1995). Instead, the court focuses on the nature of the deprivation itself.

Under the rule described in *Sandin,* the court compares the conditions of lock-up or punitive confinement with what an inmate can expect from prison life generally to determine whether there has resulted an "atypical, significant deprivation." *Williams v. Ramos,* 71 F.3d 1246, 1249 (7th Cir. 1995). Only if a deprivation presents "dramatic departures from the basic conditions and ordinary incidents of prison sentences" are Due Process rights implicated. *Moorman v. Thalacker,* 83 F.3d 970, 972 (8th Cir. 1996); *see McNeill v. Currie*, 84 Fed. Appx. 276, 277 (4th Cir. Dec. 22, 2003) (unpublished) (holding that an inmate was not entitled to due process protections "with respect to [inmate's] disciplinary hearings . . . because the disciplinary actions taken and [the inmate's] placement in administrative segregation did not create an atypical or significant hardship in relation to the ordinary incidents of prison life").

In the case *sub judice*, Plaintiff has presented no evidence that the disciplinary action taken against him - 180 days of disciplinary segregation - constituted an atypical or significant hardship. Furthermore, Plaintiff has not alleged that the conditions of lock-up were severe, atypical, and/or a significant deviation from what an inmate should expect from prison life generally. Accordingly, Plaintiff has presented no evidence that he had a constitutional right to the process described under SCDC Policy which provides for verbatim recording of the hearing, opportunity for cross examination, and the opportunity to call witnesses. As Plaintiff has not alleged any atypical and significant hardship, he has failed to allege the deprivation of a federally recognized liberty interest. The alleged violation of the SCDC Policies at issue, while potentially giving rise to a claim under state law, does not - by itself - constitute a constitutional violation for which there is recovery under § 1983. For this reason, even assuming Plaintiff did not receive the full process due under SCDC

Policy, the court finds that Plaintiff has not alleged a constitutional injury. Considering all of the evidence, including the objections, exhibits, and the Affidavit submitted by Plaintiff, the court finds that Plaintiff has not presented a genuine issue of material fact in support of his constitutional claim and that summary judgement must be granted.

## CONCLUSION

It is therefore **ORDERED** that, adopting the Magistrate Judge's recommendation in full, Defendants' Motion for Summary Judgement is hereby **GRANTED** and that Plaintiff's Complaint is **DISMISSED** with prejudice**.** The court further finds all other motions pending in this matter are **MOOT** and are therefore **DISMISSED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**August 28, 2007.**

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.